USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS D. MEJIA HUERTA and Cintya A. Betancourt Valbuena, as Next Friend,

Petitioners/Plaintiffs,

-against-

WARDEN, in their official capacity as 26 Federal Plaza; WILLIAM JOYCE, in their official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as acting Executive Associate Director, Enforcement and Removal Operations; TODD M. LYONS, in his official capacity as Acting Director Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and ATTORNEY GENERAL, in their official capacity as Attorney General,

Respondents/Defendants.

1:26-cv-6452 (MKV)

ORDER GRANTING A BOND HEARING

MARY KAY VYSKOCIL, United States District Judge:

Petitioner, proceeding through his wife as next friend, initiated this action with a petition for a writ of *habeas corpus* pursuant to Title 28, United States Code, Section 2241. [ECF No. 1]. The same day, the Court entered an Order directing payment of the filing fee or the filing of an application to proceed *in forma pauperis*. [ECF No. 3]. Petitioner thereafter paid the filing fee and filed an amended petition. [ECF No. 4] (the "Amended Petition" or "Am. Pet.").

In addition, the Parties submitted letters concerning the Court's retention of jurisdiction over this case after the Petitioner, who is in the custody of U.S. Immigration and Customs Enforcement ("ICE"), had been transfer to Pennsylvania. [ECF Nos. 5–7]. In agreement with the Parties, the Court found that, "because this Court acquired habeas jurisdiction at the time the Petition was filed given Petitioner's presence in this District, his subsequent transfer out of this

District [did] not impair this Court's jurisdiction over the case." [ECF No. 8] at 1–2 (citation modified). In that Order, the Court also set a briefing schedule. *Id.* at 2.

The Government timely filed a response, [ECF No. 10], attaching 11 exhibits, [ECF Nos. 10-1–11]; and a short letter concerning the law, [ECF No. 11] (the "Government's Letter" or "Gov't Ltr.")), attaching a declaration, [ECF No. 11-1]. Petitioner declined to reply.

In its submission, the Government indicated that a hearing was scheduled before an Immigration Judge, *see* [ECF No. 11-1] ¶ 24, and in response, the Court then directed the Parties to file a joint letter on the outcome of that hearing. [ECF No. 13]. The Court also advised that it would deem briefing closed thereafter. *Id.* The Government timely filed a status update not joined by the Petitioner, [ECF No. 14], on whose behalf no action has been taken in this matter since July 31, 2026.

The facts underlying the Amended Petition are not meaningfully disputed. In short, Petitioner alleges that "he has been detained in immigration custody even though no neutral decisionmaker, whether a federal judge or an immigration judge, has conducted a hearing to determine whether this incarceration is warranted based on danger or flight risk." Am. Pet. ¶ 4. He seeks immediate release. *Id.* at 21. "[T]he Department of Justice ['DOJ'] agrees for purposes of this petition that Petitioner's detention should be governed by 8 U.S.C. § 1226(a)," such that "the Court should grant the petition," but only to the extent of ordering that Petitioner be afforded "a burden-shifted bond hearing before an immigration judge." Gov't Ltr. at 2.[1]

Under Section 1226, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Such an alien "may" also

[1] The Government advises that, "while ICE argues that Petitioner's detention is currently governed by § 1225(b)(2)(A), [DOJ] does not press that argument and acknowledges that [*Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026)], while not directly controlling, likely counsels treating Petitioner as subject to 8 U.S.C. § 1226(a)." Gov't Ltr. at 3. The Court declines to adjudicate this intra-Executive dispute on the basis of a four-page letter.

be released on bond or conditional parole. 8 U.S.C. § 1226(a)(2); *but see* 8 U.S.C. § 1226(c). "To secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) (citing 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8)). If the alien is detained, he may seek review in the immigration courts of the initial custody determination. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d).

Accordingly, it is HEREBY ORDERED that Petitioner is entitled to a "bond hearing before an immigration judge."[2] Gov't Ltr. at 2.

The Clerk of Court respectfully is requested to mail a copy of this Order to Petitioner.

**SO ORDERED.**

**Date: August 26, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

[2] The Court declines, however, to prescribe burden-shifting at this juncture. *See Marshall v. Arteta*, No. 1:26-cv-04110 (MKV), 2026 WL 1724311, at *3 (S.D.N.Y. June 15, 2026) (noting that burden-shifting is an extra-textual remedy developed to avoid constitutional issues arising from prolonged detention (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018); *Velasco Lopez v. Decker*, 978 F.3d 842, 855 n.13 (2d Cir. 2020); *Black v. Decker*, 103 F.4th 133, 150 (2d Cir. 2024)).